UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY PETTIGREW, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:14cv01085HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's amended motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255, wherein he asserts *Johnson v. United States,* 135 S. Ct. 2551 (2015) is applicable. The United States of America has responded to the motion. For the reasons set forth below the Motion will be denied.

**Facts and Background**

On August 16, 2011, Petitioner entered a plea of guilty to the offense of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). A Presentence Investigation Report was prepared and provided to the court.

Petitioner appeared for sentencing on February 3, 2012 for sentencing. Petitioner was found to be an Armed Career Criminal under 18 U. S. C.§ 924(e). Petitioner was sentenced to a within-Guidelines term of imprisonment of 180 months.

The Presentence Investigation Report found Petitioner to be an Armed Career Criminal under U.S.S.G. § 4B1.4(b)(3)(B), resulting in a Total Offense Level of 33. Allowing for a three-level reduction for acceptance of responsibility, the PSR calculated Petitioner's Total Offense Level to be 30. The Criminal History Category was IV. As an Armed Career Criminal this resulted in a sentencing range was 135 to 168 months.

## Petitioner's Claim

Petitioner claims that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). His suggestion is that *Johnson* should be applied retroactively to his case to reduce his sentence.

## Discussion

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague, as it violates the Due Process Clause because the residual clause is impermissibly vague on its face. *Johnson*, 135 S.Ct. at 2556. The Supreme Court has since determined that *Johnson* announced a new substantive rule of

constitutional law that applies retroactively on collateral review in cases involving ACCA-enhanced sentences. *United States v. Welch*, 136 S. Ct. 1257 (2016). However, the Court's holding in *Welch* that *Johnson* applies retroactively in ACCA cases on collateral review does not govern the separate question of whether *Johnson* applies retroactively to claims based on the Sentencing Guidelines.

A Career Offender is determined as follows:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

A "crime of violence" is defined in the Guidelines as follows:

> (a) the term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives,
> *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a) (emphasis furnished).

The Supreme Court explicitly stated that *Johnson* "does not call into question application of the [ACCA] to *** the remainder of the Act's definition of

3

a violent felony," including a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and a felony offense that "is burglary, arson, or extortion, [or] involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii)." *Johnson*, 135 S.Ct. at 2563.

Petitioner has three qualifying predicate offenses of relevant significance here. They are Robbery First Degree, Robbery First Degree, Docket No. 110894, Robbery First Degree, Docket No. 2105R-02583-01, Count 3, and Attempted Robbery First Degree, Docket No. 2105R-02583-01, Count 1. In Missouri, Robbery First Degree is perpetrated when a person … forcibly steals property and in the course thereof, he, or another participant in the crime, (1) causes serious physical injury to any person; or (2) is armed with a deadly weapon; or (3) uses or threatens the immediate use of a dangerous instrument against any person; or (4) displays or threatens the use of what appears to be a deadly weapon or dangerous instrument. Mo.Rev.Stat. § 569.020. A person "forcibly steals" when he "uses or threatens the immediate use of physical force upon the person of another.…" Mo.Rev.Stat. § 569.010(1). Under the ruling of *Bevly v. United States*, 2016 WL 6893815 (Nov. 23, 2016, E.D. Mo) Robbery First Degree falls within the ambit of the elements clause of the ACCA. Therefore, Petitioner's convicted is not impacted in any manner by *Johnson.*

4

Petitioner's attempted first-degree robbery conviction is also a violent felony. Section 924(e) itself defines violent felony as a crime that has "as an element the use, attempted use, or threatened use of physical force against the person of another." *See A.C. Jackson v. United States*, 2015WL6750807 (Nov. 25, 2015, E.D. Mo). As such, Petitioner is still an armed career criminal and experiences no redemption under *Johnson*.

Considering the Court's holding in *Donnell*, Petitioner, may not apply the holding of *Johnson* in a retroactive fashion to attack his career offender sentence on collateral review. He has not shown that there is a new rule of constitutional law, made retroactively applicable to cases on collateral review.

## Conclusion

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to any relief. His Amended Motion is denied.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th

Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment is entered this same date.

Dated this 30th day of June, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE